**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHARON PARCELL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>PARAMOUNT GLOBAL,<br><br>*Defendant*. | Civil Action No.<br><br>1:22-cv-03666 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISS CLASS CLAIMS, AND STAY ALL PROCEEDINGS**

WEIL, GOTSHAL & MANGES LLP

767 Fifth Avenue
New York, NY 10153
(212) 310-8000

BRYAN CAVE LEIGHTON PAISNER LLP

161 North Clark Street, Suite 4300
Chicago, Illinois 60601

*Attorneys for Defendant Paramount Global*

# TABLE OF CONTENTS


INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................ 2

I. Plaintiff Cannot Disavow Her Own Allegation to Claim She Did Not Enter Into a Valid Agreement to Arbitrate. ........................................................................ 2

II. Plaintiff's Defenses to Contract Enforcement Fail. ............................................. 4

A. Plaintiff's Equitable Estoppel Defense Fails Because She Has Taken Actions Inconsistent with the Paramount Terms of Use and She Does Not Present a Coherent Theory of Misrepresentation. ........................................... 4

B. Paramount Did Not Waive its Right to Enforce its Arbitration Agreement. .......... 8

III. Plaintiff's Own Argument Regarding Unilateral Modification Indicates Her Claim Belongs in Arbitration. ........................................................................ 9

IV. To the Extent Plaintiff Now Points to the Paramount Terms of Use, Her Case Is at War with Itself. ............................................................................. 10

CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armstrong v. LaSalle Bank N.A.*,
552 F.3d 613 (7th Cir. 2009) ....................................................................................8

*Camp 1 Truckee LLC v. Daxko, LLC*,
No. 2:21-CV-02064-MCE-JDP, 2022 WL 3215075 (E.D. Cal. Aug. 9, 2022).........................9

*Castle v. Glob. Credit & Collection Corp.*,
No. 1:18-CV-06888, 2020 WL 127763 (N.D. Ill. Jan. 10, 2020)............................................9

*Coker v. Transworld Airlines Inc.*,
959 F. Supp. 946 (N.D. Ill. 1997), *aff'd*, 165 F.3d 579 (7th Cir. 1999) ...................................8

*Dickinson v. Heinold Sec., Inc.*,
661 F.2d 638 (7th Cir. 1981) ...............................................................................8, 9

*Feduniak v. Cal. Coastal Comm'n*,
148 Cal. App. 4th 1346 (2007) ....................................................................................6

*Hepp v. Ultra Green Energy Servs., LLC*,
No. 13 C 4692, 2016 WL 1073070 (N.D. Ill. Mar. 18, 2016) .................................................6

*Iac/Interactivecorp v. Roston*,
44 F.4th 635 (7th Cir. 2022) ....................................................................................11

*IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*,
512 F.3d 989 (7th Cir. 2008) ....................................................................................11

*Irvin v. Nationwide Credit & Collection, Inc.*,
No. 18 C 2945, 2019 WL 4450503 (N.D. Ill. Sept. 17, 2019)..................................................3

*Irvin v. Nationwide Credit & Collection, Inc.*,
No. 18 C 2945, 2020 WL 291366 (N.D. Ill. Jan. 21, 2020) .....................................................4

*Jordan v. Krausz*,
No. 17-CV-434-JPG-DGW, 2017 WL 5573206 (S.D. Ill. Nov. 20, 2017) ..............................3

*Kannapien v. Quaker Oats Co.*,
433 F. Supp. 2d 895 (N.D. Ill. 2006), *aff'd*, 507 F.3d 629 (7th Cir. 2007) ..............................8

*MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*,
994 F.3d 869 (7th Cir. 2021) ....................................................................................2

*Miracle-Pond v. Shutterfly, Inc.*,
No. 19 cv 04722, 2020 WL 2513099 (N.D. Ill. May 15, 2020) .........................................9, 10

*Mullen v. Granite City*,
No. 21-CV-472-JPG, 2021 WL 4775287 (S.D. Ill. Oct. 13, 2021) ..........................................3

*Power Quality & Elec. Sys., Inc. v. BP W. Coast Prod. LLC*,
No. 16-CV-04791 YGR, 2017 WL 6375760 (N.D. Cal. Dec. 12, 2017) .................................5

*Prestwick Cap. Mgmt., Ltd. v. Peregrine Fin. Grp., Inc.*,
727 F.3d 646 (7th Cir. 2013) ...........................................................................................4, 5

*Prestwick Cap. Mgmt. Ltd. v. Peregrine Fin. Grp., Inc.*,
No. 10 C 23, 2011 WL 3796740 (N.D. Ill. Aug. 25, 2011), *aff'd*, 727 F.3d 646
(7th Cir. 2013).....................................................................................................................5

*Priv. Nat'l Mortg. Acceptance Co., LLC v. Proprietary Cap., LLC*,
No. 2:21-CV-02992-SB-AS, 2022 WL 3110316 (C.D. Cal. Mar. 4, 2022).............................8

*In re Scarlett Z.-D.*,
28 N.E.3d 776 (Ill. 2015) ....................................................................................................6

*Sharif v. Wellness Int'l Network, Ltd.*,
376 F.3d 720 (7th Cir. 2004) ..............................................................................................9

*St. Agnes Med. Ctr. v. PacifiCare of Cal.*,
82 P.3d 727 (Cal. 2003) .....................................................................................................9

*Stoops v. Wells Fargo Bank, N.A.*,
197 F. Supp. 3d 782 (W.D. Pa. 2016)..................................................................................4

*United States v. McCown*,
711 F.2d 1441 (9th Cir. 1983) .............................................................................................2

*Williams v. Humana Health Plan, Inc.*,
957 F. Supp. 1029 (N.D. Ill. 1997) ......................................................................................5

**Other Authorities**

Black's Law Dictionary (11th ed. 2019)..................................................................................2

CBS.com Home Page Footer, https://www.cbs.com .........................................................7

CBS User Account Creation Page,
https://www.cbs.com/account/signup/createaccount ...........................................................7

Hon. John F. Kness, *Case Procedures: Motions to Dismiss*,
https://www.ilnd.uscourts.gov/judge-info.aspx?Iu9/vqz23r5X7AkWx/nLtg==;......................3

Internet Archive, *Wayback Machine*, https://web.archive.org/...................................................6

## INTRODUCTION

This case either belongs in arbitration or was filed in the wrong court. The better view is that it belongs in arbitration because Plaintiff's own complaint alleges that she created a CBS user account "[i]n or around 2021" and she does not dispute that the CBS Terms of Use in effect until at least February 16, 2022 contain an enforceable arbitration provision. Seeking to benefit from her imprecise pleading, Plaintiff argues that "[i]n or around 2021" could mean after February 16, 2022. But courts have interpreted phrases like "in or around" to refer to a narrow period of time like a few days. Plaintiff's selective silence in her Opposition also speaks volumes. Although this Court encourages plaintiffs to exercise their right to amend after reviewing motions to dismiss, Plaintiff did not amend to state that she created a CBS user account after February 16, 2022. Plaintiff's supporting declaration states only that she watched videos on CBS.com in June 2022; it says nothing about when she created her CBS user account.

Seemingly recognizing that she cannot avoid arbitration by disclaiming her own allegation, Plaintiff offers three additional arguments against arbitration, each of which fails. First, Plaintiff cannot rely upon principles of equitable estoppel including because: (a) she cannot demonstrate reliance as is required because she has taken action directly inconsistent with the Paramount Terms of Use, and (b) she has no coherent theory that Paramount engaged in a misrepresentation. Second, Plaintiff cannot establish Paramount waived its right to arbitrate because website terms containing an arbitration agreement (*see* Exhibits B and D to the Declaration of Jon Mantell, ECF Nos. 19-2, 19-4) have been posted on CBS.com throughout 2021 and 2022, and are currently posted on CBS.com. *Infra* Argument § II.A. Lastly, to the extent that the Court is persuaded by Plaintiff's argument that Paramount unilaterally modified its website terms, it should find that the most recently posted website terms control. Here, the most recently posted terms are the CBS Terms of Use, which contain an arbitration agreement.

In the alternative, if the Court determines that Plaintiff created a CBS user account after February 16, 2022, such that she agreed to the Paramount Terms of Use, this case is still doomed, just for different reasons. The Paramount Terms of Use specify that all claims must be brought in New York state or federal court and include a jury trial waiver. But Plaintiff here has filed her case in Illinois federal court, and has demanded a jury trial. *Infra* Argument § II.

## ARGUMENT

### I. Plaintiff Cannot Disavow Her Own Allegation to Claim She Did Not Enter Into a Valid Agreement to Arbitrate.

Plaintiff's allegations confirm that this case belongs in arbitration because she alleges that she created a CBS user account "[i]n or around 2021" and does not dispute that the website terms in effect until at least February 16, 2022 contain an enforceable arbitration provision. Plaintiff urges this Court to construe "[i]n or around 2021" to mean after February 16, 2022. This would be an unwarranted inference. Phrases like "or around" or "on or about" refer to where there is uncertainty about a specific date within a narrow range of a few days, not months or years. *See United States v. McCown*, 711 F.2d 1441, 1450 (9th Cir.1983) ("[T]he term 'on or about' at most opens the time frame by one or two days, and merely serves to prevent any dickering over the small technicality of an exact date"); *On or about*, Black's Law Dictionary (11th ed. 2019) (emphasis added) ("[O]n or about" means "[a]pproximately; at *or around* the time specified," and "is used in pleading to prevent a variance between the pleading and the proof," usually "when there is any uncertainty about the *exact date* of a pivotal event."). *See also MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 876 (7th Cir. 2021) (explaining that a plaintiff is only entitled to "reasonable" inferences, not to any and all "conceivable" inferences).

Plaintiff's selective silence in response to Defendant's motion further confirms that she

created a user account before February 16, 2022. After reviewing Defendant's motion, Plaintiff did not amend her Complaint to allege that she created a CBS user account prior to February 16, 2022, despite this Court's case procedures instructing plaintiffs to "review the motion to dismiss and to consider exercising, as appropriate, its right to amend under Rule 15(a)(1)(B)." Hon. John F. Kness, *Case Procedures: Motions to Dismiss*, https://www.ilnd.uscourts.gov/judge-info.aspx?Iu9/vqz23r5X7AkWx/nLtg==; FAC ¶ 53. Plaintiff's failure to amend to allege that she created a CBS user account on or after February 16, 2022 in the face of Defendant's motion is thus an acknowledgment that her claim belongs in arbitration. *Mullen v. Granite City*, No. 21-CV-472-JPG, 2021 WL 4775287, at *5 (S.D. Ill. Oct. 13, 2021) (warning plaintiff that "if she fails to amend her pleading in a timely manner, the Court may construe her failure to amend as an admission that she cannot plead a viable claim"); *Jordan v. Krausz*, No. 17-CV-434-JPG-DGW, 2017 WL 5573206, at *6 (S.D. Ill. Nov. 20, 2017) (same). Plaintiff's supporting declaration also speaks only to when she watched videos on the site, not when she created a CBS user account. Parcell Decl. ¶ 3 (ECF No. 31-2).

Rather than amend her Complaint or provide a declaration stating when Plaintiff created her CBS user account, her counsel submitted a declaration claiming that he investigated the CBS.com website in July 2022, raising the prospect that he may have encouraged Plaintiff to create her CBS user account immediately prior to her filing her lawsuit. Klinger Decl. ¶ 3 (ECF No. 31-1). This would explain Plaintiff's disavowal of her allegation that she signed up in or around 2021, as well as her hesitation to actually state when she created her account: case law is clear that lawyers cannot work with their clients to manufacture the bases on which plaintiffs bring their claims. Indeed, in *Irvin v. Nationwide Credit & Collection, Inc.*, No. 18 C 2945, 2019 WL 4450503, at *4 (N.D. Ill. Sept. 17, 2019), plaintiffs' lawyers were admonished where it

appeared to the court that their "actions were designed to avoid defendant's procedures reasonably adapted to avoid errors, for the purpose of manufacturing a lawsuit," and in a subsequent decision, the court stated that if the lawyers continued to fabricate FDCPA cases "for the purpose of collecting attorney's fees," it would not "hesitate to impose severe sanctions." *Irvin v. Nationwide Credit & Collection, Inc.*, No. 18 C 2945, 2020 WL 291366, at *2 (N.D. Ill. Jan. 21, 2020); *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 802 (W.D. Pa. 2016) (alteration in original) (finding plaintiff lacked standing where she "admitted that her only purpose in purchasing her cell phones and minutes [was] to receive more calls, thus enabling her to file TCPA lawsuits," and admitted "she files TCPA actions as a business.").

For the foregoing reasons, this Court should reject Plaintiff's attempt to avoid arbitration by disavowing her own allegation without also supplying any meaningful evidence as to when she created her CBS user account.

## II. Plaintiff's Defenses to Contract Enforcement Fail.

### A. Plaintiff's Equitable Estoppel Defense Fails Because She Has Taken Actions Inconsistent with the Paramount Terms of Use and She Does Not Present a Coherent Theory of Misrepresentation.

In an attempt to evade arbitration, Plaintiff also presents a convoluted equitable estoppel defense, claiming that she "reasonably relied upon the representations in good faith to her detriment" and that her "reliance was reasonable because she acted in accordance with Defendant's contractual representations." MTC Opp. at 11. But that could not be further from the truth: as explained further below, Plaintiff filed her case in Illinois rather than New York court and demanded a jury trial, and both of these actions directly contradict provisions in the Paramount Terms of Use. *Infra* Argument § IV.

Plaintiff therefore cannot demonstrate that she reasonably relied on the Paramount Terms of Use as is required for establishing equitable estoppel. *Prestwick Cap. Mgmt., Ltd. v.*

*Peregrine Fin. Grp., Inc.*, 727 F.3d 646, 663 (7th Cir. 2013) (noting that "[e]stablishing reasonable reliance is paramount among" the equitable estoppel elements). Indeed, to the extent Plaintiff's counsel is claiming he reviewed CBS.com and the Paramount Terms of Use in advance of filing this lawsuit, Klinger Decl. ¶ 3 (ECF No. 31-1), Plaintiff cannot reasonably claim that she relied on the Paramount Terms of Use given that she has filed her case in Illinois federal court with a jury demand. *Power Quality & Elec. Sys., Inc. v. BP W. Coast Prod. LLC*, No. 16-CV-04791 YGR, 2017 WL 6375760, at *7 (N.D. Cal. Dec. 12, 2017) (alteration in original) (rejecting equitable estoppel claim where plaintiff failed to "read the operative contacts and [relied] solely on . . . oral representations when the Franchise Agreements expressly, plainly, and conspicuously prohibited oral modifications and waivers"); *Prestwick Cap. Mgmt., Ltd.*, 727 F.3d at 664-65 (rejecting equitable estoppel claim for lack of reasonable reliance where plaintiff claimed that they did not know a certain contractual arrangement could be terminated in spite of documentation they had been provided to that effect).[1]

Furthermore, Plaintiff never clearly asserts whether Paramount affirmatively misrepresented a fact or concealed a fact, or whether Paramount had a duty to disclose information to her, rendering her estoppel defense unpersuasive. *Williams v. Humana Health Plan, Inc.*, 957 F. Supp. 1029, 1031 (N.D. Ill. 1997) ("Estoppel requires, in part, some affirmative misrepresentation by the party to be estopped"); *Prestwick Cap. Mgmt. Ltd. v. Peregrine Fin. Grp., Inc.*, No. 10 C 23, 2011 WL 3796740, at *4 (N.D. Ill. Aug. 25, 2011) (finding "silence can serve as a basis for applying equitable estoppel," but only where the party seeking estoppel can establish the party to be estopped has a special relationship with or duty to

[1] As explained in Paramount's moving brief, the CBS Terms of Use specify application of California law. MTC at 9 n.8. As explained herein and in Paramount's moving brief, Plaintiff should be deemed to have agreed to arbitrate her claim regardless of whether California/Ninth Circuit or Illinois/Seventh Circuit law is applied.

it), *aff'd*, 727 F.3d 646 (7th Cir. 2013); *Feduniak v. Cal. Coastal Comm'n*, 148 Cal. App. 4th 1346, 1362 (2007) (alteration in original) ("[S]ilence and inaction may support estoppel only if [there is] a duty to speak or act under the particular circumstances."). Indeed, the CBS Terms of Use were posted throughout 2022,[2] so it is not even clear what Paramount would have been misrepresenting or concealing.

Other aspects of Plaintiff's purported estoppel defense are internally inconsistent. Plaintiff's argument that Paramount evidenced its knowledge that its representations were untrue by filing a motion to compel is belied her own allegation that she created her account in or around 2021. Indeed, it is Plaintiff who should herself be estopped from making assertions inconsistent with her own allegation based on the case law that she herself cites. *In re Scarlett Z.-D.*, 28 N.E.3d 776, 785 (Ill. 2015) (emphasis added) ("[I]t is sufficient that a fraudulent or unjust effect results from allowing another person to raise a claim *inconsistent with his or her former declarations*."). And contrary to Plaintiff's assertion, her decision to file her complaint in Illinois federal court has "corroborated" nothing: as explained below, the Paramount Terms of Use require resolution of disputes in New York court. MTC Opp. at 10; *infra* Argument § IV.

Moreover, even if Plaintiff is correct that the Paramount Terms of Use were posted on CBS.com at some point in time during 2022, website terms containing an arbitration agreement were also posted on CBS.com throughout the entirety of 2021 and 2022 (Mantell Decl. ¶ 4 (ECF

---

[2] The fact that the CBS Terms of Use were posted on CBS.com in the website footer throughout 2022 can be verified via the Wayback Machine. *See, e.g.,* https://web.archive.org/web/20220228013402/https://www.cbs.com/ (capture from February 28, 2022); https://web.archive.org/web/20220427012021/https://www.cbs.com/ (capture from April 27, 2022); https://web.archive.org/web/20220626000603/https://www.cbs.com/ (capture from June 26, 2022). "Courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Hepp v. Ultra Green Energy Servs., LLC*, No. 13 C 4692, 2016 WL 1073070, at *2 n.1 (N.D. Ill. Mar. 18, 2016).

No. 19); *see also supra* note 2), and are currently posted in two places on CBS.com (shown in Figures A and B below):

***Figure A*** (CBS.com Home Page Footer, available at https://www.cbs.com/)




***Figure B*** (CBS User Account Creation Page, available at https://www.cbs.com/account/signup/createaccount)




Plaintiff can only point to what may have been a temporary "clerical error" where for a short period of time both the Paramount Terms of Use and the CBS Terms of Use were posted in

different places on CBS.com. This does not suffice to establish that Paramount made a misrepresentation as is required for her equitable estoppel defense. *Kannapien v. Quaker Oats Co.*, 433 F. Supp. 2d 895, 903 (N.D. Ill. 2006) (alteration in original) (finding that a clerical error "was not an intentional misrepresentation and [could not] serve as the basis for an estoppel claim"), *aff'd*, 507 F.3d 629 (7th Cir. 2007); *Coker v. Transworld Airlines Inc.*, 959 F. Supp. 946, 953 (N.D. Ill. 1997) (finding that an "inadvertent clerical error . . . was not a knowing misrepresentation"), *aff'd*, 165 F.3d 579 (7th Cir. 1999). The Court should therefore reject Plaintiff's equitable estoppel defense.

**B. Paramount Did Not Waive its Right to Enforce its Arbitration Agreement.**

In arguing that Paramount has waived its right to arbitrate, Plaintiff also incorrectly suggests that Paramount expressly waived its right to enforce its arbitration agreement by posting the Paramount Terms of Use. Plaintiff cannot be correct because website terms containing an arbitration agreement were also posted on CBS.com *throughout the entirety of 2021 and 2022*, and website terms containing an arbitration agreement are currently posted on CBS.com. Indeed, even if Plaintiff is right that CBS.com also pointed to the Paramount Terms of Use at some point in time, it is not enough for Plaintiff "to merely demonstrate any conduct inconsistent with an intent to seek arbitration" to demonstrate waiver of an arbitration agreement, but rather, "the focus is properly on the actions taken as a whole, and whether they are inconsistent with an intent to arbitrate." *Armstrong v. LaSalle Bank N.A.*, 552 F.3d 613, 616 (7th Cir. 2009); *Priv. Nat'l Mortg. Acceptance Co., LLC v. Proprietary Cap., LLC*, No. 2:21-CV-02992-SB-AS, 2022 WL 3110316, at *3 (C.D. Cal. Mar. 4, 2022) (explaining that the court considers "the totality of the parties' actions" in determining "whether a party has engaged in acts that are inconsistent with its right to arbitrate.").

Moreover, a "waiver of arbitration is not lightly to be inferred," *Dickinson v. Heinold*

*Sec., Inc.*, 661 F.2d 638, 641 (7th Cir. 1981), and "as the party asserting waiver, Plaintiff bears a 'heavy burden' to negate the 'strong federal policy favoring enforcement of arbitration agreements.'" *Castle v. Glob. Credit & Collection Corp.*, No. 1:18-CV-06888, 2020 WL 127763, at *4 (N.D. Ill. Jan. 10, 2020); *St. Agnes Med. Ctr. v. PacifiCare of Cal.*, 82 P.3d 727, 732 (Cal. 2003) (citation omitted) ("Although a court may deny a petition to compel arbitration on the ground of waiver, waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof."). Plaintiff has not met that burden here.

"Diligence . . . is the most significant factor" in determining whether to find that a right to arbitrate has been waived, *Castle*, 2020 WL 127763, at *4, but here, Plaintiff can make no demonstration that Paramount did not exercise diligence in seeking to enforce the arbitration agreement at issue in this case. Indeed, the motion to compel arbitration was Paramount's first substantive filing in this case. *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) (rejecting plaintiffs' argument that defendant "waived its motion to compel by waiting 18 months after the suit was filed"); *Camp 1 Truckee LLC v. Daxko, LLC*, No. 2:21-CV-02064-MCE-JDP, 2022 WL 3215075, at *9 (E.D. Cal. Aug. 9, 2022) (granting defendant's motion to compel arbitration and finding that the defendant had not conveyed any intent to waive its right to arbitration where it had "not filed any substantive motions or actively litigated this case for a prolonged period of time."). Moreover, as discussed below, the most recently posted version of the website terms point to arbitration.

## III. Plaintiff's Own Argument Regarding Unilateral Modification Indicates Her Claim Belongs in Arbitration.

Plaintiff also argues that *Miracle-Pond v. Shutterfly, Inc.*, No. 19 cv 04722, 2020 WL 2513099 (N.D. Ill. May 15, 2020) establishes that the Paramount Terms of Use are applicable here via a unilateral modification provision in the CBS Terms of Use. MTC Opp. at 5-6. As

Plaintiff herself notes, in *Shutterfly*, one of the contracts at issue gave Shutterfly the right to unilaterally modify the agreement at issue. MTC Opp. at 8; *Shutterfly*, 2020 WL 2513099, at *6. What Plaintiff, however, does not address is that the Paramount Terms of Use also contain a unilateral modification provision:

> By accessing and using the Site or downloading materials from the Site, you accept and agree to, without limitation or qualification, these Terms of Use. Paramount reserves the right, in its sole discretion, to modify, alter or otherwise change these terms and conditions at any time. Changes and/or modifications shall become effective immediately upon the posting.

Paramount Terms of Use, at § Acceptance of Terms (ECF No. 31-1). As explained previously, website terms containing an arbitration agreement have been posted on CBS.com throughout 2021 and 2022, and are currently posted on CBS.com. Indeed, Plaintiff herself acknowledges that the CBS Terms of Use, which call for arbitration, are what are currently posted on CBS.com in her Opposition. MTC Opp. at 4 (emphasis added) (asserting that the Paramount Terms of Use "governed the website from February 2022 *to the day Plaintiff filed her complaint*."). Because every agreement that the parties have put at issue contains a unilateral modification provision, by Plaintiff's own argument, the most recently posted agreement—*i.e.*, the CBS Terms of Use—should control, and Plaintiff's case should be sent to arbitration.

**IV. To the Extent Plaintiff Now Points to the Paramount Terms of Use, Her Case Is at War with Itself.**

Plaintiff's argument for evading arbitration depends entirely on her claim that the Paramount Terms of Use control, but Plaintiff has acted in direct contradiction to these terms. Indeed, as the exhibit to her counsel's declaration shows, the Paramount Terms of Use state:

> Any legal action or proceeding related to this website shall be brought exclusively in a federal or state court of competent jurisdiction sitting in New York within ninety (90) days after the occurrence of the facts giving rise to the cause of action, otherwise the cause shall be forever barred.

Paramount Terms of Use, at § Location/Governing Law (ECF No. 31-1). Yet Plaintiff here has filed in Illinois federal court, not in New York court.

The Paramount Terms of Use further state:

> IN ANY ACTION OR PROCEEDING COMMENCED TO ENFORCE ANY RIGHT OR OBLIGATION OF THE PARTIES UNDER THESE TERMS OF USE, YOUR USE OF THE SITE OR WITH RESPECT TO THE SUBJECT MATTER HEREOF, YOU HEREBY WAIVE ANY RIGHT YOU MAY NOW HAVE OR HEREAFTER POSSESS TO A TRIAL BY JURY.

*Id.* But Plaintiff here has demanded a trial by jury. FAC at 22 ("Plaintiff demands a trial by jury of all issues so triable.").

Both of these provisions are enforceable. *Iac/Interactivecorp v. Roston*, 44 F.4th 635, 643 (7th Cir. 2022) (finding that forum selection clauses containing "mandatory language specifying that disputes under the contract 'shall' or 'will' be litigated in a specific venue or forum" are mandatory and will be enforced); *IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 994 (7th Cir. 2008) ("[A]n agreement to resolve a dispute in a bench trial is no less valid than the rest of the contract in which the clause appears."). Plaintiff therefore cannot reasonably claim that she thinks the Paramount Terms of Use control to argue that her claim is not subject to arbitration, and Plaintiff herself should be estopped from invoking the Paramount Terms of Use. *See supra* Argument § II.A. And even if the Paramount Terms of Use control, Plaintiff has still filed in the wrong court.

## CONCLUSION

For the reasons set forth above, and in Paramount's moving brief, Paramount respectfully requests that the Court compel Plaintiff to individually arbitrate her claim, dismiss her class claims, and stay the litigation pending the conclusion of arbitration.

Dated: New York, New York
November 17, 2022

Respectfully submitted,

/s/ David L. Yohai
David L. Yohai (admitted *pro hac vice*)
Blake J. Steinberg (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
david.yohai@weil.com
blake.steinberg@weil.com

David R. Singh (admitted *pro hac vice*)
Amy T. Le (*pro hac vice* pending)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
david.singh@weil.com
amy.le@weil.com

Brian A. Sher
Steven G. Trubac
BRYAN CAVE LEIGHTON PAISNER LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Telephone: (312) 602-5000
Facsimile: (312) 602-5050
brian.sher@bclplaw.com
steve.trubac@bclplaw.com

*Attorneys for Paramount Global*