**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHARON PARCELL,<br><br>Plaintiff,<br><br>v.<br><br>PARAMOUNT GLOBAL,<br><br>Defendant. | No. 22-cv-03666<br><br>Judge John F. Kness |

# ORDER

Defendant Paramount Global's motion to compel arbitration and stay all proceedings (Dkt. 17) is granted. See accompanying Statement for details. In view of this order, the status hearing set for June 28, 2023 is stricken. A joint status report is due within one week of the conclusion of any arbitral proceedings.

## STATEMENT

Plaintiff Sharon Parcell alleges that Defendant Paramount Global violated the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.*, by sharing information with Facebook about which videos she watched on CBS.com. (Dkt. 16 ¶¶ 53, 55–57.) Defendant has moved to compel arbitration, dismiss Plaintiff's class claims, and stay the proceedings pending the conclusion of the arbitration process. (Dkt. 18.) Among other things, Defendant argues that, under the CBS.com 2017 and 2021 Terms of Use, which Plaintiff agreed to when she signed up for a CBS.com account, Plaintiff's claim must be resolved through arbitration. (Dkt. 18 at 12.) For several reasons, Plaintiff argues that her claim is not arbitrable. (Dkt. 31.)

Arbitrability of a given claim is typically decided by a court, not an arbitrator. *Sha-Poppin Gourmet Popcorn LLC v. JPMorgan Chase Bank, N.A.*, 553 F. Supp. 3d 452, 457–58 (N.D. Ill. 2021) (citing *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 n.2 (2013)). Under the Federal Arbitration Act ("FAA"), however, parties may contract around this default presumption and delegate gateway questions of arbitrability to an arbitrator. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010). Threshold arbitrability questions may be delegated by the parties so long as the parties' agreement does so by "clear and unmistakable evidence." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019). When such a clear and unmistakable delegation is made, the court "possesses no power to decide the arbitrability issue." *Id.* at 529.

Intent to delegate is clear and unmistakable if (1) a delegation clause explicitly confers authority upon an arbitrator to decide arbitrability, *Rent-A-Center, W., Inc.,* 561 U.S. at 66; or (2) JAMS Rules or AAA Rules are referenced or incorporated within an arbitration agreement. As to this latter basis for discerning an intent to delegate the question of arbitrability, it is true that the Seventh Circuit has not yet addressed the matter. But other district courts in this circuit, as well as other federal circuits, have held that the reference to or incorporation of JAMS Rules or AAA Rules provides clear and unmistakable evidence of intent to delegate. *See, e.g.*, *Tel. Invs. USA, Inc. v. Lumen Techs., Inc.,* No. 22-cv-2260, 2022 WL 2828751, at *12–*15 (N.D. Ill. July 20, 2022); *Sha-Poppin*, 553 F. Supp. 3d at 458; *20/20 Foresight, Inc. v. McGuffin*, No. 20-cv-6915, 2021 WL 619718, at *3 (N.D. Ill. Feb. 17, 2021); *Wilcosky v. Amazon.com, Inc.*, 517 F. Supp. 3d 751, 2021 WL 410705, at *11 (N.D. Ill. 2021); *accord Bosse v. N.Y. Life Ins. Co.*, 992 F.3d 20, 29 (1st Cir. 2021); *Blanton v. Domino's Pizza Franchising LLC*, 962 F.3d 842, 845 (6th Cir. 2020), *cert. denied sub nom. Piersing v. Domino's Pizza Franchising LLC*, 141 S. Ct. 1268 (2021); *JPay, Inc. v. Kobel*, 904 F.3d 923, 936 (11th Cir. 2018); *Arnold v. Homeaway, Inc.*, 890 F.3d 546, 552 (5th Cir. 2018); *Dish Network L.L.C. v. Ray*, 900 F.3d 1240, 1246 (10th Cir. 2018); *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015); *Fallo v. High-Tech Inst.*, 559 F.3d 874, 878 (8th Cir. 2009); *Contec Corp. v. Remote Sol., Co.*, 398 F.3d 205, 208 (2d Cir. 2005).

Although the terms of service at issue here do not contain an explicit delegation clause, they do incorporate, respectively, the JAMS Rules (2021 agreement) and the AAA Rules (2017 agreement). As the 2021 Terms of Service state, "[a]ny such arbitration shall be administered by the JAMS Mediation, Arbitration and ADR Services ('JAMS') in accordance with the JAMS Comprehensive Arbitration Rules and Procedures, as modified by the JAMS Consumer Arbitration Minimum Standards (the 'JAMS Rules')." (Dkt. 19-2 at 3.) Similarly, the 2017 Terms of Service state that "[a]ny such arbitration shall be administered by the American Arbitration Association and be conducted in accordance with its Consumer Arbitration Rules (the 'Rules'). (Dkt. 19-4 at 13.) As other courts have held, these references are viewed as incorporating the JAMS and AAA Rules. *See, e.g., Nanberg v. 21st Century Flooring, LLC*, 2022 WL 4482761 at *5 (N.D. Ill. Sept. 27, 2022); *see also Tel. Invs. USA, Inc.*, 2022 WL 2828751, at *20.

Both the JAMS Rules and the AAA Rules, which the 2021 agreement and 2017 agreement incorporate, respectively, give the arbitrator the power to determinate arbitrability. The JAMS Rules provide that "arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator." JAMS Arbitrators & Arbitration Services, *JAMS Comprehensive Arbitration Rules & Procedures*, Rule 11(b), https://www.jamsadr.com/rules-comprehensive-arbitration/.

Similarly, AAA's Consumer Arbitrability Rules state, in relevant part, that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim" and that the arbitrator has the power to decide "the existence or validity of a contract of which an arbitration clause forms a part." American Arbitration Association, *Consumer Arbitration Rules*, R-14(a)–(b). Under the JAMS Rules and the AAA Rules, the power to determine arbitrability is clearly delegated to the arbitrator; neither set of rules leave the courts with any power to determine questions of arbitrability. Put another way, both the JAMS Rules and the AAA Rules explicitly give an arbitrator the power to decide arbitrability, including the validity of an arbitration agreement.

Plaintiff makes various arguments as to why the arbitration agreements at issue are not valid or enforceable. (Dkt. 31.) But the issues of whether a claim should be arbitrated, including whether an arbitration agreement is valid or enforceable, are part of the arbitrability determination that the JAMS Rules and the AAA Rules delegate to the arbitrator. Because the 2021 Terms of Service and the 2017 Terms of Service incorporate those rules, threshold questions of arbitrability are clearly and unmistakably delegated to the arbitrator. Accordingly, the Court has "no power to decide" the validity or enforceability of the arbitration agreements at issue.

Defendant's motion to compel arbitration and stay the proceedings (Dkt. 17) is therefore granted, and the case is referred to the arbitrator to determine arbitrability. In the interim, the case is stayed pending the conclusion of the arbitration process.

SO ORDERED in No. 22-cv-03666.

Date: June 27, 2023

JOHN F. KNESS
United States District Judge